IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-CR-00065-KDB-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PAUL EDWARD GLOVER, III (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon supplemental motion of the defendant *pro se* for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 115). This is now defendant's third filing with the Court asserting the same general complaints and requesting compassionate release. (Doc. Nos. 111, 113).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Here, defendant was denied compassionate release by the warden on May 19, 2020 (Doc. No 113, Exhibit 2). However, the motion fails to show that the defendant has fully exhausted his administrative rights to appeal a failure of the BOP to bring a motion on his behalf. Defendant claims to have submitted appeals to the regional and national BOP but does not include any such documentation. Likewise, the

defendant does not provide BOP medical records to substantiate his alleged medical issues. Therefore, the Court will not consider the merits of his claim. *United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not seek relief from BOP).

**IT IS, THEREFORE, ORDERED**, that the defendant's *pro se* supplemental motion for compassionate release (Doc. No. 115), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: July 23, 2020

Kenneth D. Bell
United States District Judge